UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HEDGPETH, et al.,<br><br>    Respondents. | No. 2:12-cv-0544 LKK KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. For the reasons set forth infra, the findings and recommendations are adopted in part and rejected in part.

This action is proceeding on petitioner's amended petition filed August 22, 2012 (ECF No. 17). The amended petition contains four claims. One claim was raised in petitioner's

1

1  original petition which was signed by petitioner on February 23, 2012 and file stamped with the
2  same date in the United States District Court for the Northern District of California (Northern
3  District). See ECF No. 1 at 1.  The other three claims are raised for the first time in the amended
4  petition.  Respondents contend all four claims are time-barred.  Resolution of the timeliness
5  question differs for the first claim from the three claims added in the amended petition.

6  It is undisputed that petitioner's conviction became final on February 21, 2011 and, absent
7  tolling, expired on year later on February 21, 2012.  See Findings and Recommendations (ECF
8  No. 31) at 3.  The magistrate judge found that petitioner signed and dated the petition on February
9  23, 2012.  Id.  That date is treated as the date on which the petition was filed.  See Houston v.
10 Lack, 487 U.S. 266, 276 (1988).[1]

11 Petitioner was denied access to his legal material from February 14, 2012 to February 23,
12 2012, including the last eight days of the limitation period.  Findings and Recommendations (ECF
13 No. 31) at 5.  Relying on out of circuit authority, the magistrate judge found that petitioner was
14 not entitled to equitable tolling for this period because petitioner did not act diligently in pursuing
15 his rights during the limitation period:

> Petitioner does not explain why he could not have filed a timely petition in the 357 days prior to his transfer to Corcoran, during which time he had access to his legal property.  Petitioner also does not address the issue of whether he had notice of the transfer and, if so, why he did not prepare his federal petition prior to his transfer.

Id.  It appears that in so holding, the magistrate judge applied an incorrect standard.[2]

---

[1] In one part of the findings and recommendations the magistrate judge finds that petitioner was at Salinas Valley State Prison (Salinas Valley) on February 23, 2012 when he signed the petition and finds that "[b]ecause petitioner was housed at Salinas Valley State Prison at the time he filed the original petition, which is located in the Northern District, it is possible that someone filed the petition in the Northern District on petitioner's behalf on the same date that he signed it." Findings and Recommendations (ECF No. 31) at 4 n.2.  Elsewhere the magistrate judge finds that petitioner was transferred from Salinas Valley to California State Prison-Corcoran (Corcoran) on February 14, 2012, and that respondent has acknowledged that it is "credible" that petitioner was without access to his legal files until February 23, 2012.  Id. at 5.  The evidence shows that petitioner was at Corcoran and not at Salinas Valley on February 23, 2012.  See id. (citing Lodged Document 7).  There is no evidence that explains why the signature date on the petition is the same as the date on which it was file stamped by the Northern District.

[2] None of the appellate cases cited by the magistrate judge address the application of equitable

2

1     "The equitable tolling doctrine permits tolling 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (quoting Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 2002) *abrogated on other grounds by* Woodford v. Garceau, 538 U.S. 202 (2003)).  In Lott, the United States Court of Appeals for the Ninth Circuit addressed the question whether an inmate's separation from legal materials due to a prison transfer that occurred during the limitation period could support equitable tolling.  There, the petitioner had been temporarily transferred away from his legal material for two separate periods during the limitation period. While the court remanded the case for further factual development, it specifically noted that if the petitioner's temporary transfer had "ended only a day before his AEDPA filing period had lapsed, a finding of impossibility could more easily be fitted into the case law." Lott, 304 F.3d at 924.

    Here, petitioner was separated from his prepared habeas petition on or before February 14, 2012, when he was transferred to Corcoran.  Petitioner's legal materials were received at Corcoran on February 14, 2012, see Lodged Document 7, but were not delivered to petitioner until February 23, 2012.  At that point, petitioner signed the petition and it was thereafter delivered to the Northern District.  Extraordinary circumstances beyond petitioner's control, namely his separation from his legal materials when he transferred to Corcoran on February 14, 2012 and the failure of prison officials to return his legal materials to him until February 23,

---

tolling to an inmate separated from his legal materials due to a prison transfer that occurs while the limitation period is still running. In the Second Circuit case cited by the magistrate judge, Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000), the Second Circuit rejected the notion that a petitioner subjected to extraordinary circumstances (in that case the confiscation of his habeas corpus petition) during the limitation period is not eligible "for equitable tolling simply because he waited until late in the limitations period to file his habeas petition. . . . Extraordinary circumstances cannot 'prevent' a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period. A petitioner should not be faulted, however, for failing to file early or to take other extraordinary precautions early in the limitation period against what are, by definition, rare and exceptional circumstances that occur later in that period." Id. at 136 (emphasis added). Under Valverde, the relevant question concerning petitioner's diligence is what he did when he got the petition back. See Valverde at 134.  Here, petitioner signed the petition the day he got it back and promptly arranged for its delivery to the court.

2012, made it impossible for him to file his petition by the February 21, 2012 deadline.  Petitioner is entitled to equitable tolling of the limitation period for the eight days he was separated from his legal material.  See Lott,supra.  His first claim for relief is therefore timely.

Petitioner's amended petition is dated August 19, 2012 and was filed almost six months after expiration of the one-year statute of limitations.[3]  The magistrate judge correctly found that the three new claims included in that petition are only timely if they "relate back" to the claim raised in the original petition.  Findings and Recommendations (ECF No. 31) at 13.   Petitioner's timely claim is that the trial court violated petitioner's constitutional right to present a defense by not allowing petitioner, who is Hispanic, to present evidence of a 911 call and a dispatch or "CAD" log entry that identified the shooter of the victim as a Black male.  Petitioner's new claims are first, alleged Brady error by the prosecutor in not turning over this evidence to the defense in time for it to be presented at petitioner's preliminary hearing; second, ineffective assistance of trial counsel, see Findings and Recommendations (ECF No. 31) at 14; and third, ineffective assistance of appellate counsel for failing to raise the Brady claim on appeal.

The magistrate judge correctly found that none of petitioner's new claims "relate back" to his original claim of trial court error as the concept of "relation back" has developed in habeas corpus jurisprudence.  See Findings and Recommendations (ECF No. 31) at 13 (quoting Mayle v. Felix, 545 U.S. 644, 657 (2005) (in habeas, claims added by amendment related back only when the new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes.")

In opposition to the motion to dismiss, petitioner contends that the limitations period should be equitably tolled because he has raised a claim of actual innocence.  The magistrate judge recommends rejection of this claim on several grounds.  See Findings and Recommendations, filed June 17, 2013 (ECF No. 31) at 7-13. The United States Supreme Court has held that

---

[3] The state habeas corpus petition filed by petitioner in the California Supreme Court on May 20, 2012 did not revive the already expired limitation period.  See Jiminez v. Rice, 276 F.3d 476, 482 (9th Cir. 2001).

4

> actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . ., or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851.

McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013).  Here, petitioner has no new evidence to support his claim of actual innocence; a fortiori, the claim as presented cannot serve as a gateway to save his untimely claims.  The court is troubled, however, by petitioner's allegation that his trial counsel did not conduct a sufficient investigation of the 911 call or the CAD log to identify or interview the caller who identified the shooter as a Black man, see Amended Petition (ECF No. 17) at 29, even though the record suggests that the individual may have been identified during the course of the criminal proceedings.  See Ex. E to Amended Petition (ECF No. 17) at 37 n.1.

   Good cause appearing, the matter will be referred to the Office of the Federal Defender for the purpose of determining whether evidence exists to support a claim of actual innocence. This matter will be stayed for a period of ninety days pending completion of said review.  At the end of the ninety day period the Federal Defender shall report to the court on whether the results of the investigation require appointment of counsel in these proceedings.  Respondents' motion to dismiss the claims raised in petitioner's amended petition will be granted without prejudice to petitioner's right to seek reconsideration of this ruling within one hundred twenty days should investigation by the Federal Defender reveal evidence of petitioner's actual innocence.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The findings and recommendations filed June 17, 2013, are adopted in part;

   2. Respondent's motion to dismiss (ECF No.19) is granted as to the three new claims raised in petitioner's amended petition without prejudice to petitioner's right to seek reconsideration as set forth in this order;

   3. Respondent's motion to dismiss (ECF No. 19) is denied as to the claim raised in petitioner's original petition; and

/////

4. This matter is referred to the Office of the Federal Defender for the purpose of determining whether evidence exists to support a claim of actual innocence and is stayed for a period of ninety days pending completion of said review. At the end of the ninety day period the Federal Defender shall report to the court on whether the results of the investigation require appointment of counsel in these proceedings.

DATED: September 26, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT